Juan Carlos Rodriguez ORTEGA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05-71201.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Juan Carlos Rodriguez Ortega, Oakland, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Mary Jane Candaux, Esq., Melissa Neiman-Kelting, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Juan Carlos Rodriguez Ortega, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand proceedings and denying his appli-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cation for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Rodriguez Ortega failed to show exceptional and extremely unusual hardship. *See Romero-Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

The evidence Rodriguez Ortega presented with his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006); *Ramirez-Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir. 2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). We therefore lack jurisdiction to review the BIA's determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

We reject Rodriguez Ortega's contention the Immigration Judge violated due process by disregarding certain evidence because Rodriguez Ortega was not "prevented from reasonably presenting his case," and did not show that consideration of additional evidence would have affected the outcome of the proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

Rodriguez Ortega's contention that the BIA disregarded his evidence of hardship is not supported by the record and does not amount to a colorable due process claim. *See Martinez-Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**